UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY JANE MILLER,

      Plaintiff,

v.                                                                    Case No. 14-11225

                                                 HON. AVERN COHN

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 12) AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 11)**

## I. INTRODUCTION

This is a social security case.  Plaintiff Shirley Jane Miller (Plaintiff) appeals from the final decision of the Acting Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits.

The parties filed cross motions for summary judgment.  (Docs. 11, 12)  The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (R&R).  The MJ recommends that the Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion.

Now before the Court is Plaintiff's Objection to the R&R.  (Doc. 14)  For the following reasons, the Court will adopt the R&R as the findings and conclusions of the Court.  The Commissioner's Motion for Summary Judgment (Doc. 12) is GRANTED and

Plaintiff's Motion for Summary Judgment (Doc. 11) is DENIED.[1]

## II. BACKGROUND

The R&R sets forth the facts, many of which are repeated here.  Plaintiff applied for disability benefits in January 2011, alleging that she was disabled and unable to work since October 31, 2007, due to chronic back pain, arthritis in her spine, and depression.  (Tr. at 401)  The Social Security Administration (SSA) denied Plaintiff's claim and Plaintiff requested a hearing before an Administrative Law Judge (ALJ).

### A. The ALJ's Decision

After considering evidence presented at the hearing and in the record, the ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work, provided that Plaintiff is precluded from climbing ladders, ropes or scaffolds; can only occasionally climb ramps or stairs, balance, stoop, crouch, kneel, or crawl; and should avoid use of moving machinery and all exposure to unprotected heights.  In addition, the ALJ determined that Plaintiff should be limited to 1- or 2-step simple routine and repetitive tasks, and should work in a low-stress, isolated job with only occasional supervision.  (Tr. at 30)

The ALJ relied on the opinion of vocational expert Stephanee A. Leech who testified that given all of the factors, "[Plaintiff] would be able to perform the requirements of representative occupations such as bench assembler."  (Tr. at 36)  In reaching his decision, the ALJ considered Plaintiff's own testimony, weighed the medical assessments, and evaluated Plaintiff's credibility.

---

[1]     The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

**B. The MJ's Decision**

Plaintiff requested a review of the ALJ's decision.  The Appeals Council (AC) declined to review Plaintiff's case, finding no reason to disturb the findings of the ALJ. Plaintiff filed the instant action for judicial review of the denial of benefits.  The parties filed cross motions for summary judgment (Docs 11, 12), which were referred to the MJ. The R&R rejected Plaintiff's assertions and found that there was substantial evidence in the record to support the ALJ's decision.

**III. STANDARD OF REVIEW**

Once the Appeals Council concludes there is no reason to alter the ALJ's decision and denies a claimant's request for review, the decision of the ALJ becomes the final administrative decision of the Commissioner.  20 C.F.R. § 416.1484(b)(2).  This Court reviews the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Judicial review under the statute is limited: the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted).  If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the

3

opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that the Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip*, 25 F.3d at 286 (internal citations omitted). Further, this Court does "resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509; *Rogers*, 486 F.3d at 247.

## IV. DISCUSSION

Although Plaintiff does not present her objections as clearly distinguishable arguments within her brief, Plaintiff appears to advance three primary objections, described below.

## A. Plaintiff's First Objection

First, Plaintiff argues that "both the ALJ and the [MJ] misconstrued medical evidence and testimony" and that if not for this error "Plaintiff would have been found incapable of performing substantial gainful activity."  (Doc. 14 at 2)

However, Plaintiff does not specify which medical evidence was misconstrued, nor does she explain how the ALJ and the MJ erred in this respect.  Such bare recitations are insufficient as they provide no basis for the Court to rule on Plaintiff's unsupported and unexplained objections.  *See, e.g.*, *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that general objections to a magistrate judge's report that are "summary in nature, with no specificity at all" are insufficient).

## B. Plaintiff's Second Objection

Next, Plaintiff argues that "the [MJ] and the ALJ failed to follow the SSA rules and regulations when evaluating Plaintiff's credibility concerning her failure to appear for psychological treatment."  (Doc. 14 at 2)  Specifically, Plaintiff argues that in determining Plaintiff's credibility, the ALJ improperly considered Plaintiff's failure to attend scheduled psychotherapy and psychiatric appointments.[2]

## 1.

Although any credibility assessment made by an ALJ must be supported by substantial evidence in the record, the ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  However, an ALJ's determination on

---

[2]     Although Plaintiff provides little support for her argument that the ALJ erred in his credibility determination, Plaintiff's argument mirrors an argument made in her motion for summary judgment.  (Doc. 11 at 22-23)

5

credibility is not immune from review.  An ALJ's credibility determination must also contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR 96-7P, 1996 WL 374186 (July 2, 1996).

**2.**

Here, the ALJ noted in his decision that "[d]espite [Plaintiff's] testimony that psychotropic medication was beneficial in addressing her mental disorders, . . . she was discharged from mental health services for failure to keep scheduled psychotherapy and psychiatric appointments."  (Tr. at 34)

In making his credibility determination, the ALJ determined that although "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms, . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  (Tr. at 34) The ALJ provided several reasons for his credibility determination.  Among these, the ALJ stated that Plaintiff "has not availed herself of more than routine and conservative medical management of her condition(s)."

**3.**

Plaintiff's arguments are without merit.  To begin, there is no indication that the ALJ specifically considered Plaintiff's failure to continue with her psychotherapy and psychiatric appointments in reaching his credibility determination.  At most, the ALJ noted that Plaintiff had not sought "more than routine and conservative medical

management," with no indication of whether this related specifically to Plaintiff's allegations of depression and her mental health treatment history.   Even if the ALJ specifically relied on Plaintiff's failure to continue her psychotherapy and psychiatric appointments in reaching his credibility decision, these reasons, along with other reasons described in the ALJ's decision, are supported by the evidence and are sufficiently specific to make clear the reasons for the ALJ's credibility determination. Finally, although Plaintiff says that the MJ and ALJ "failed to follow SSA rules and regulations" in reaching their credibility determinations, Plaintiff does not state which rules and regulations were violated, or how the MJ and ALJ violated them.   Here as well, Plaintiff's bare and unsupported recitations of error provide no basis for the Court to properly evaluate her objections.

### C. Plaintiff's Third Objection

Lastly, Plaintiff argues that the ALJ erred by "substitut[ing] his own medical judgment for that of [an examining] physician."  (Doc. 14 at 4)  However, here as well, Plaintiff does not state which decision was based on the ALJ's unsupported medical judgment, or which medical evidence or examining physician's testimony was improperly discounted.   As with Plaintiff's other claimed errors, Plaintiff provides no basis for the Court to properly evaluate her objections.

### V. CONCLUSION

For the reasons stated above, the R&R is adopted as the findings and conclusions of the Court, supplemented as above.

Plaintiff's motion for summary judgment has therefore been denied, and the

7

Commissioner's motion for summary judgment granted.  This case is DISMISSED.

    SO ORDERED.

                              s/Avern Cohn
                              UNITED STATES DISTRICT JUDGE

DATED:  March 25, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 25, 2015, by electronic and/or ordinary mail.

                              s/Sakne Chami
                              Case Manager, (313) 234-5160